UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIZABETH RENBARGER,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>Defendant. | Case No. 3:26-CV-1403-CCB-SJF |

**OPINION AND ORDER**

Before the Court is Plaintiff Elizabeth Renbarger's Motion for Default Judgment against Defendant Travelers Indemnity Co. of Connecticut. (ECF 6). As this is a new matter, a brief procedural history helps to understand the basis for the Court's disposition.

Plaintiff originally filed this case in Elkhart Superior Court No. 2 on August 4, 2026, alleging breach of contract and breach of good faith and fair dealing after Defendant denied coverage for extensive mold and water damage in a large commercial building. (ECF 1; 5). On September 2, 2026, Plaintiff filed the instant motion in Elkhart Superior Court No. 2. (ECF 6). According to the motion, Defendant received the complaint and summons on August 24, 2026, but did not file an answer within the 23 days allotted under Rule 6(D) and 6(E) of the Indiana Rules of Trial Procedure. (*Id.*).

On September 23, 2026, before the Elkhart Superior Court No. 2 ruled on the instant motion, Defendant appeared in the case and removed Plaintiff's claim to this

Court citing diversity jurisdiction. (ECF 1; 2). In its removal notice, Defendant informed the Court that they filed a "Notice of Automatic Enlargement of Time to Respond to Plaintiff's Complaint" in state court on September 15, 2026, one day before the 23-day answer deadline. (ECF 1-2 at 22–23). On September 30, 2026, Defendant filed a "Motion for Extension of Time to File Answer." (ECF 7). Magistrate Judge Frankel granted that motion on October 1, 2026, and Defendant's answer deadline was extended to October 16, 2026. (ECF 10). Defendant then filed its answer on October 15, 2026, asserting several affirmative defenses. (ECF 11).

To begin, the Court must confirm that subject matter jurisdiction exists before proceeding to a motion's merits. *All. for Water Efficiency v. Fryer*, 892 F.3d 280, 287 (7th Cir. 2018) ("It is axiomatic that a federal court must pin down subject-matter jurisdiction before proceeding to the merits."). Federal district courts have original jurisdiction over suits brought by citizens of different states so long as the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Diversity, here, is rather simple as Plaintiff is a citizen of Indiana and Defendant is a Connecticut corporation with its principal place of business also in Connecticut. (ECF 1 at 2).

However, the amount-in-controversy requirement demands more analysis. Defendant asserts that Plaintiff's restoration contractor has quoted mitigation at $25,000 to $50,000, not including actual damage to property within the structure that has not yet been detailed in the pleadings. (*Id.* at 3). Defendant argues that the $25,000.01 difference necessary to meet the amount-in-controversy requirement is satisfied by Plaintiff's request for punitive damages. (*Id.*).

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Bell v. Preferred Life Soc'y*, 320 U.S. 238, 240 (1943). If punitive damages are available under state law, they may be counted to satisfy the amount in controversy requirement. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008). The Indiana Supreme Court has held that punitive damages, while not generally available for breach of contract claims, are available in the insurance context for breach of contract and breach of the duty of good faith and fair dealing. *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 520 (Ind. 1993). Under Ind. Code § 34–51–3–4, punitive damages are capped at $50,000 or three times compensatory damages, whichever is greater. Thus, if Plaintiff is successful in her claims and both compensatory and punitive damages are deemed appropriate, the total award, even at the low end of the restoration estimate, would exceed $100,000. (ECF 1 at 3). Therefore, the amount-in-controversy requirement is satisfied, and subject matter jurisdiction is established.

Having met the jurisdictional threshold, the Court may consider the motion for default judgment. Federal Rule of Civil Procedure 55 outlines a two-step process for the entry of default and default judgment in civil litigation. First, a party must move for and obtain a clerk's entry of default under Rule 55(a). Fed. R. Civ. P. 55(a). Second, only after default is obtained may a party move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b).

The Seventh Circuit maintains a general policy of "favoring trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). With

this in mind, courts do not automatically grant default judgment. Instead, a plaintiff must "demonstrate that they [are] entitled to judgment as a matter of law," assuming "that the factual allegations [in the complaint] are, by reason of the default, true." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265–66 (7th Cir. 1995). Furthermore, default judgment is generally justified only "if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). And even when default judgment is appropriate, if a defaulting party later appears and can show that there was "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint," courts may vacate a default judgment. *Sun v. Bd. of Trs. of Univ. of IL*, 473 F.3d 799, 810 (7th Cir. 2007).

Here, default judgment is inappropriate for two reasons. First and foremost, Plaintiff has not filed a motion for Clerk's Entry of Default against Defendant under Rule 55(a). Thus, a motion for default judgment is premature as a matter of federal procedural law. Fed. R. Civ. P. 55(b); *see Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 441 (1974) ("[O]nce a case has been removed to federal court, its course is to be governed by federal law, including the Federal Rules of Civil Procedure.").

Second, Plaintiff's default judgment motion in state court was also premature as a matter of Indiana state law. When Plaintiff filed the Motion for Default Judgment in state court on September 2, 2026, the 23-day answer deadline had not yet passed. (ECF 6). Defendant timely filed an automatic notice for an extension of time to file its answer in state court before the answer deadline under Rule 6(B) of the Indiana Rules of Trial

Procedure. (ECF 1-2 at 22–23). Defendant then removed this case to federal court, met its burden of establishing subject matter jurisdiction, and promptly filed an answer. (ECF 5; 11). In light of these filings and appearances, neither entry of default nor default judgment is appropriate under Rule 55.

Having determined that default is not appropriate as a matter of federal procedural law, it is unnecessary for this Court to evaluate whether it would have been appropriate to vacate a default judgment had one been previously entered. Accordingly, Plaintiff's Motion for Default Judgment is **DENIED**. (ECF 6).

SO ORDERED on October 23, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT